## WILLIAM PROCTOR *versus* WILLIAM MOORE.

Statutes of bankruptcy of one of the *United States* do not bind persons not inhabitants of that state unless the contract was *there* made.

THIS was an action of *assumpsit* upon two promissory notes, made by the defendant to the plaintiff, dated the 16th day of January, 1798, one of which was payable the first day of March, and the other the first day of April next after the date; and the declaration alleged that the notes were made at *A.,* in this county.

The defendant pleaded in bar that, at the time of making the notes declared on, and from thence until the first day of August, in the same year, he was an inhabitant of the state of *Connecticut,* and that, upon his petition to the legislature of that state, bearing date the 11th day of April, 1798, the said legislature did, at their session begun and holden the second Tuesday of May, in the same year, pass a special resolve that, if the defendant should, on or before the first day of August then next, deliver up, upon oath, to *A, B,* and *C,* trustees in the said resolve named, all his property (except such articles of clothing and household furniture as in the opinion of said trustees should be necessary for the defendant and his family) in trust, for the benefit of the defendant's creditors, in

proportion to their respective demands, he, the said
*defendant, should be and· thereby was discharged from [ * **199** ]
all debts due and owing from him at the date of his said
petition ; that the said trustees were thereby directed, as soon as it
could conveniently be done, and as soon as the defendant should
have delivered and conveyed to them as aforesaid his estate, (they
being first qualified by oath,) to give public notice, for three weeks
successively, in certain newspapers (*mentioned*) printed in that state,
in the state of *Massachusetts*, and in the city of *New York*, of their
appointment as aforesaid, and that the defendant had conveyed to
them his estate as aforesaid ; and, as soon as said trustees should
have received said estate, disposed of, and received the money for
the same, they should, in the newspapers aforesaid,· give public
notice thereof, and appoint a time and place at which they would
attend upon the creditors to adjust their respective demands upon
the defendant, and to pay to them their respective proportion of such
money, &c. The plea then averred that the trustees accepted, and·
were qualified, &c., and that the defendant afterwards, on the 3d
day of May, in the same year, at *Hartford*, in the state of *Connect
icut, viz.*, at *C.*, in the county of *Middlesex* aforesaid, did assign
on oath all his property, as required by said *resolve*, to the said
trustees ; and concluded with a verification.

There was a replication to the plea, a demurrer to the replication,
and joinder in demurrer.

The Court, (*Dana*, C. J., *Sedgwick*, *Sewall*, and *Thacher*, justices,)
without hearing any argument, were clearly and unanimously of
opinion that the plea in bar was bad. They said it did not appear
by the plea that the contract was made in the state of *Connecticut*,
nor that the plaintiff was an inhabitant of that state at the time the
contract was made, and unless he was, the resolve could not bind
him, which they had repeatedly decided ; nor was it
stated that the trustees had given the notice *required [ * **200** ]
by the *resolve ;* nor was it sufficiently averred that the
defendant had transferred his property to the trustees. The plea
ought to have shown what the property was, whether real or per-
sonal estate, or both, and specially stated the *mode* of transfer,
that the Court might see whether it were sufficient; for which reasons
*Judgment for the plaintiff.*

*T. Bigelow* and *Joseph Locke* for the plaintiff.
*Parsons* and *Z. B. Adams* for the defendant.

NOTE.—It was decided in the Supreme Court of the state of *New York* that a dis
charge under an act of the legislature of *Rhode Island* was no bar to an action brought
in that court upon a note made in *Massachusetts.—Smith* vs. *Smith*, 2 *John.* 235.-
[*Bradford* vs. *Farrand*, 13 *Mass.* 19.—ED.]